CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
MAR 30 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| FREDERICK N. JONES, | ) | CASE NO. 3:06CV00042 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security[1], | ) | By: B. Waugh Crigler U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's May 12, 2005 protectively filed claim for a period of disability, disability insurance benefits and supplemental security income under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff was thirty-eight years old; had not

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Commissioner Jo Anne B. Barnhart as the defendant.

engaged in substantial gainful activity since his alleged disability onset date, July 25, 2004; and was insured for benefits through December 31, 2009. (R. 18, 20, 27.) The Law Judge further found that plaintiff has the following severe impairments: diabetes[2], lower extremity neuropathy, toe ulcers, and degenerative changes in the feet. (R. 23-24.) The Law Judge concluded that these impairments were not severe enough to meet or equal any listed impairment. (R. 24-25.) The Law Judge was of the view that plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms alleged; however, his statements concerning the intensity, duration, and limiting effects of these symptoms were "not entirely credible." (R. 26.) The Law Judge determined that plaintiff retained the residual functional capacity to perform a limited range of sedentary work which includes an alternate sit/stand option to accommodate his need to change positions.[3] (R. 27.) The Law Judge found that plaintiff could not return to his past relevant work as a fast food manager, a medium exertional position. (*Id.*) By application of the Medical-Vocational Guidelines ("grids") to plaintiff's exertional limitations and by reference to testimony provided by the vocational expert (VE), the Law Judge concluded that jobs as a telemarketer, file clerk, and order clerk were available to plaintiff.[4] (R. 28.) Thus, the Law Judge ultimately found that he was not disabled under the Act. (R. 28-29.)

---

[2]The Law Judge noted that plaintiff's diabetes was well controlled when he was compliant with his medications and that it had not caused any end organ damage. (R. 23.)

[3]The Law Judge gave "substantial weight" to the findings of the State agency experts that plaintiff can lift ten pounds occasionally, stand/walk two hours in an eight hour workday, sit about six hours in an eight hour workday, and has an unlimited ability to push and pull with his extremities. (R. 27.) The State agency experts further determined that plaintiff can occasionally climb, balance, stoop, kneel, crouch, and crawl and that he had no manipulative, visual, communicative, or environmental limitations. (*Id.*)

[4]The jobs proposed by the VE were unskilled, sedentary positions. (R. 28.)

2

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons the plaintiff advanced on appeal, to review the Law Judge's decision. (R. 7-9.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

In the "Memorandum" filed in support of his motion for summary judgment plaintiff argues that the Law Judge failed to give proper weight to the opinion of his treating physician, Shepard R. Hurwitz, M.D.[5] (Pl's Brief, pp. 5-8.) Plaintiff specifically refers to the "Physical Limitations Assessment" checklist completed by Dr. Hurwitz on March 10, 2006. (R. 324-326.) In the Assessment, Dr. Hurwitz opined that plaintiff was capable of performing light work, but would not be able to do so on a sustained basis. (R. 326.) Plaintiff concedes that this Assessment was not before the Law Judge. (Pl's Brief, p. 6.) However, plaintiff argues that the Assessment was essentially before him because the Assessment is a culmination of Dr. Hurwitz's records[6]. (Pl's Brief, pp. 6-7.)

The undersigned finds that the Law Judge did not fail to give proper weight to plaintiff's treating physicians. Initially, the undersigned finds that Dr. Hurwitz's Assessment checklist, which includes a finding that plaintiff cannot work on a sustained basis, is not supported by Dr. Hurwitz's medical records or the record as a whole. Plaintiff vaguely asserts that this finding is

---

[5]The undersigned notes that in almost every medical assessment to which Dr. Hurwitz's name is attached, he was actually the attending physician supervising the resident or the physician's assistant who actually authored the medical note. (R. 152-153, 176, 180, 187, 188, 200, 204, 205, 208, 214, 289, 299, 304, 306, 333-335, 364.)

[6]Plaintiff contradicts himself in another assignment of error by contending that the March 10, 2006 Assessment constitutes "new" evidence, not a culmination of all of Dr. Hurwitz's prior records. (Pl's Brief, pp. 8-10.)

3

supported by Dr. Hurwitz's other records; however, plaintiff has failed to point to any specific findings in the record, and the record does not otherwise support such a conclusion. Moreover, the Law Judge's findings are supported by the findings of Jennifer R. Marks, M.D., plaintiff's primary[7] treating physician. For example, in an office note dated February 15, 2005, Dr. Marks opined:

> I am concerned that given his diabetic neuropathy, that prolonged standing could put him in significant risk for recurrent ulcers. On the other hand, *I expressed that I felt that he would be capable of doing some other type of occupation*.

(R. 189 (emphasis added).) Also, in the assessment/plan portion of that same note, Dr. Marks noted that she had "encouraged" plaintiff to look at occupations where prolonged standing was not an issue. (R. 190.). Thus, the undersigned finds that the Law Judge did not fail to give proper weight to the opinions of plaintiff's treating physicians.

Next, plaintiff argues that Appeals Council erred in its evaluation of the additional evidence he submitted, which consisted of medical records from the University of Virginia Medical Center for the time period covering January 9, 2006 through April 26, 2006. (R. 327; Pl's Brief, pp. 8-10.) Plaintiff argues that this additional evidence was new and material in that it showed his diabetes and neuropathy were worsening, yet the Appeals Council denied his request for review. (Pl's Brief, p. 8.)

The Appeals Council must grant a plaintiff's request for review when "new and material evidence is submitted which "relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b); *Davis v. Barnhart*, 392 F.Supp.2d 747, 750

---

[7]Dr. Marks specializes in internal medicine, and Dr. Hurwitz is a Professor of Orthopaedic surgery. (Pl's Brief, p. 5.)

4

(W.D. Va. 2005). Evidence is deemed "new" when it is not duplicative or cumulative and is "material" when "'there is a reasonable possibility that the new evidence would have changed the outcome.'" *Davis*, 392 F.Supp.2d at 750 (quoting *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991)).

Plaintiff specifically refers to Dr. Hurwitz's March 10, 2006 Assessment as the "new and material" evidence before the Appeals Council. The undersigned finds that the Assessment is not "material" in that there is no reasonable possibility that this Assessment would have changed the outcome of the case. Dr. Hurwitz's opinion stated in the Assessment that plaintiff could not work an eight-hour day on a sustained basis is not supported by the record and directly contradicts Dr. Marks' opinion that plaintiff could perform substantial gainful activity. Additionally, the Assessment provides that plaintiff was capable of working at a light exertional level, evidence which further supports the Law Judge's finding that plaintiff could perform sedentary work. *See* 20 C.F.R. § 404.1567(b)(If a claimant can perform light work, he can also perform sedentary work). Thus, the undersigned finds that the Appeals Council did not err in finding that the additional evidence was not new and material.

Plaintiff contends that the Law Judge did not properly evaluate his credibility. (Pl's Brief, pp. 10-15.) The Law Judge found that although his impairments could be expected to cause the alleged symptoms, plaintiff's allegations concerning the intensity, duration and limiting effects of these symptoms were "not entirely credible." (R. 26.)

As the Law Judge noted, the record belies plaintiff's complaints with regard to the intensity, duration and limiting effects of his symptoms. R.S. Kadian, M.D., a DDS record reviewing physician, evaluated plaintiff's medical records, and based upon plaintiff's statements

5

regarding his function, his medical history, the character of his symptoms, his activities of daily living, and the type of treatment he had received, Dr. Kadian opined that plaintiff was only "partially credible." (R. 239.) Another DDS record reviewing physician concurred with Dr. Kadian's findings. (R. 234-239.) Additionally, plaintiff's claim that his medical impairments are so severe that they are disabling is contradicted by the finding of his primary treating physician that he was capable of working. (R. 189-190.)

Finally, plaintiff argues that the hypothetical presented to the VE was legally inadequate in that it failed to include the limitations "conclusively" established in the record. (Pl's Brief, pp. 15-19.) Specifically, plaintiff contends that the hypothetical failed to account for the fact that Dr. Hurwitz's March 10, 2006 Assessment provides that he is restricted from standing or walking more than two to four hours per workday, and from sitting, standing, or walking more than two hours at any given time, and most importantly, that he could not regularly sustain an eight-hour workday. (Pl's Brief, pp. 17-18.)

At the outset, the undersigned notes, and plaintiff has conceded, that Dr. Hurwitz's checklist Assessment was not before the Law Judge. (Pl's Brief, p. 18.) Moreover, the Assessment does not contain any statement in support of or in reference to any objective medical findings to support the conclusory finding that plaintiff is unable to sustain an eight-hour workday on a regular basis. (R. 324-326.) The undersigned finds that the record does not contain substantial evidence that plaintiff was precluded from sustaining an eight-hour workday on a regular basis. To the contrary, plaintiff's primary treating physician opined that plaintiff *could* work, so long as the job did not require him to stand for prolonged periods. (R. 189-190.) Thus, the hypothetical inquiry was not legally inadequate. *See Walker v. Bowen*, 889 F.2d 47,

6

50-51 (4th Cir. 1989).

Therefore, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/
U.S. Magistrate Judge

3-30-07
Date